```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ELVIN HARRIS,

                Petitioner,              MEMORANDUM & ORDER
                                         08-CV-4886 (JS)
        -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Richard M. Langone, Esq.
                   Langone & Associates, PLLC
                   3601 Hempstead Turnpike, Suite 410
                   Levittown, NY 11756

For Respondent:    Christopher Allen Ott, Esq.
                   United States Attorneys Office
                   610 Federal Plaza
                   Central Islip, NY 11722

SEYBERT, District Judge:
```

Elvin Harrs, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2255. Mr. Harris alleges that his trial counsel's performance at sentencing was ineffective. For the following reasons, the Court hereby ORDERS AN EVIDENTIARY HEARING.

## BACKGROUND

In brief, at sentencing, the United States informed the Court that Mr. Harris had recently been caught with a "shank" in his cell. In response, neither Mr. Harris, nor his counsel, sought to explain or justify Mr. Harris' possession of the shank. Mr. Harris contends that his counsel was ineffective

in failing to request a short adjournment to speak with him about the shank. (Harris Aff. ¶¶ 10, 11.) Mr. Harris argues that, if they had so conferred, counsel "would not have stood silently," and, instead, would have told the Court that "Mr. Harris had the shank in his cell because he had been receiving death threats in jail for being a rat." (Pet. at p. 4.) Mr. Harris argues that, because counsel failed to elicit this information and present it to the Court, the Court had the wrong impression about why he possessed the shank. Consequently, Mr. Harris believes, the Court imposed a harsher sentence than it otherwise would have.

## DISCUSSION

Under 28 U.S.C. § 2255, "[U]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Thus, to obtain an evidentiary hearing, a habeas corpus petitioner need only show that he has a "'plausible' claim of ineffective assistance of counsel," not that his claims will ultimately prevail on the merits. Armienti v. U.S., 234 F.3d 820, 823 (2d Cir. 2000).

Here, the Court is intimately familiar with its reasons for imposing the sentence it did. But it lacks complete

2

information concerning Mr. Harris' discussions with counsel. And it cannot simply credit Mr. Harris' current claim that he never discussed the shank with his attorney, either before or during the sentencing hearing.

In this regard, the Court notes that, on the record, Mr. Harris confirmed that he consulted with counsel about his sentence. (Sentencing Tr. at 3.) Then, after the Court admonished Mr. Harris for possessing the shank, it instructed Mr. Harris to confer with counsel, which Mr. Harris did, off the record. (Id. at 18-19.) Upon the record resuming, the Court heard from counsel about Mr. Harris' attempts to enroll in a prison education program, but heard no explanation for Mr. Harris' shank. (Id.)

Before ruling on Mr. Harris' motion, the Court wishes to investigate what, exactly, Mr. Harris discussed with counsel before and during the sentencing hearing. Only after hearing from Mr. Harris, and his counsel, will the Court consider granting Mr. Harris § 2255 relief. To that end, the Court notes that, in making this motion, predicated entirely on what he discussed (or did not discuss) with counsel, Mr. Harris has placed those discussions at issue. Thus, he has waived the attorney-client privilege with respect to those communications. See In re County of Erie, 546 F.3d 222, 229 (2d Cir. 2008).

Consequently, the Court hereby ORDERS AN EVIDENTIARY HEARING into Mr. Harris' § 2255 Petition. Counsel for Mr. Harris and Respondent are directed to confer with my Deputy Clerk, Charles Baran, to schedule such a hearing at a time convenient for all concerned.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   April __18__, 2011
         Central Islip, New York